*E-FILED - 5/14/15*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>     v.<br><br>PIUS AILEMEN,<br><br>              Defendant. | NOS.   C-04-00823-RMW<br>*(Related Case: CR-94-00003-CRB)*<br><br>ORDER DENYING SENTENCE REDUCTION |

Defendant Pius Ailemen moved to reduce his sentence based upon the modification of the Sentencing Guidelines.  The court requested that the Probation Department, United States Attorney's Offense and the Public Defender's Office meet and confer regarding the motion.  The Probation Department and the United States Attorney's met and conferred and the Probation Office submitted a Sentence Reduction Investigation Report.  That report concludes that Ailemen is not entitled to a sentence reduction because under the Guidelines, as amended, there is no reduction in the Ailemen's base level offense.  Although it does not appear that the Public Defender's Office met and conferred with the Probation Office and United States Attorney's Office as was initially ordered by the court, such consultation is not required. A defendant does not have a right to counsel for the purposes of filing a motion under 18 U.S.C. § 3582(c)(2) (*United States v. Townsend*, 98 F.3d 510, 512-13 (9th Cir. 1996); *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000)), nor does a defendant have a right to a hearing. *United States v. Jules*, 595 F.3d 1239, 1245 (11th Cir. 2010).

Order Denying Sentence Reduction
No.  C-04-0823-RMW and  CR-94-00003-RMW

1  Therefore, the court hereby vacates its original order insofar as it required the Federal Public
2  Defender's Office to participate in a meet and confer.

3  Section 3582(c)(2) provides that [t]he court may not modify a term of imprisonment once it
4  has been imposed except that . . .  in the case of a defendant who has been sentenced to a term of
5  imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing
6  Commission . . . ."  Ailemen's sentencing range has not been lowered because his base level offense
7  under 18 U.S.C. § 848 (Continuing Criminal Enterprise) remains at level 38. *See United States v.*
8  *Leniear*, 574 F.3d 668, 673 (9th Cir. 2009).

9  By letter dated February 15, 2015 and in his response to the Probation Office's Report,
10 Ailemen asks that the court grant him relief based upon his Post Conviction Rehabilitation effort
11 over his approximately nineteen years of incarceration.  Although the court is sympathetic to his
12 request, the court is not empowered to grant the relief requested.

13 For the reasons stated, Ailemen's Motion to Reduce His Sentence Based Upon Guideline
14 Amendment is denied.  His Motion for Relief for Post Rehabilitation is also denied.

15 DATED:   May 13, 2015

_____
RONALD M. WHYTE
United States District Judge

Order Denying Sentence Reduction
No.  C-04-0823-RMW and  CR-94-00003-RMW

1

2  Copy of Order Mailed on 5/14/15 to:

3  Pius Ailemen
   Reg. #84447-011-B
4  Northeast Ohio Correctional Center
   2240 Hubbard Road
5  Youngstown, OH 44505

6        *Pro Se Defendant*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Denying Sentence Reduction
No.  C-04-0823-RMW and  CR-94-00003-RMW

3